FILED

1  James E. Doroshow, Esq. (SBN: 112920)
       jdoroshow@linerlaw.com
2  Brian T. Hafter, Esq. (SBN: 173151)
       bhafter@linerlaw.com
3  Daniel R. Gutenplan, Esq. (SBN: 260412)
       dgutenplan@linerlaw.com
4  LINER GRODE STEIN YANKELEVITZ
   SUNSHINE REGENSTREIF & TAYLOR LLP
5  1100 Glendon Avenue, 14th Floor
   Los Angeles, California 90024-3503
6  Telephone: (310) 500-3500
   Facsimile: (310) 500-3501
7
   Attorneys for Plaintiff
8  TAG Toys, Inc.

2009 OCT 16 PM 12: 01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  WESTERN DIVISION

12  TAG TOYS, INC., a Delaware          Case No.  CV09-07528 GHK (MANx)
    Corporation,
13                                      COMPLAINT FOR:
              Plaintiff,
14                                      (1) TRADEMARK
       vs.                             INFRINGEMENT, 15 U.S.C. §
15                                      1114;
    LEAPFROG ENTERPRISES, INC., a
16  Delaware Corporation,               (2) FALSE DESIGNATION OF
                                        ORIGIN AND UNFAIR
17            Defendant.                COMPETITION, 15 U.S.C. 1125(a);

18                                      (3) DILUTION OF TRADEMARK,
                                        15 U.S.C. § 1125(c);
19
                                        (4) COMMON LAW UNFAIR
20                                      COMPETITION;

21                                      (5) UNFAIR BUSINESS
                                        PRACTICES, CALIFORNIA
22                                      BUSINESS AND PROFESSIONS
                                        CODE § 17200 et seq.
23
                                        DEMAND FOR JURY TRIAL
24

25

26

27

28

0020392/001/ 442978v03

1      Plaintiff, TAG Toys, Inc. ("TAG Toys"), a Delaware corporation, by and

2 through its attorneys, as and for its Complaint against Defendant LeapFrog

3 Enterprises, Inc. ("LeapFrog"), a Delaware corporation, alleges as follows:

**THE PARTIES**

5     1.     Plaintiff TAG is, and at all times pertinent to this action has been, a

6 corporation duly organized and existing under the laws of the State of Delaware,

7 qualified to do business in the State of California and having its principal place of

8 business in Compton, California.

9     2.     Upon information and belief, Defendant LeapFrog is a corporation duly

10 organized and existing under the laws of the State of Delaware, doing business in the

11 State of California and having its principal place of business in Emeryville,

12 California.

**JURISDICTION AND VENUE**

14     3.     This is a civil action arising, in part, under the trademark laws of the

15 United States (15 U.S.C. §§ 1114 and 1125(a)). This court has subject matter

16 jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), (b). This court has supplemental

17 jurisdiction over the state court claims asserted herein pursuant to 28 U.S.C.

18 § 1367(a). All claims are so related to each other as to form a part of the same case

19 or controversy under Article III of the United States Constitution.

20     4.     Venue is proper under 28 U.S.C. § 1391(b) and 1400 because a

21 substantial part of the events giving rise to the claims occurred in this District.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

23     5.     TAG is engaged in the business of designing, manufacturing and

24 distributing, in interstate commerce, infant and children's toys (generally the

25 "Goods").

26     6.     Since 1979, TAG Toys has been selling toys under the "TAG"

27 trademark and/or the "TAG THINK & GROW" trademark (collectively the "TAG

28 Marks").

1

7.    In addition to TAG Toys' common law trademark rights, TAG has protected its rights in the TAG Marks by obtaining U.S. Trademark Registration Nos. 2723420, 2604757 and 2563061.  Copies of TAG Toys' U.S. Trademark Registration Nos. 2723420, 2604757 and 2563061 are attached hereto as Exhibit "A."

8.    TAG Toys' use of the TAG Marks has been open, notorious and continuous.

9.    Due to TAG Toys' exclusive and extensive use of the TAG Marks, the TAG Marks have become distinctive and have acquired significant secondary meaning in the marketplace, and the TAG Marks identify TAG Toys as the single source origin of the Goods designed, manufactured and distributed therewith.  The TAG Marks are of incalculable value as a symbol of TAG Toys' merchandise and services.

10.    Upon information and belief, LeapFrog is in the business of designing, manufacturing and distributing Goods to the same class of customers, through the same or similar channels of trade as TAG Toys.  Upon information and belief, without the authorization and/or consent of TAG Toys, and after TAG Toys had developed substantial and valuable business and goodwill in connection with the TAG Marks, LeapFrog began to use various TAG logos and marks (the "Infringing Marks") in interstate commerce in connection with the marketing and sale of toys.  LeapFrog has used and continues to use the Infringing Marks to market and sell its Goods.  Additionally, LeapFrog uses the Infringing Marks on its website and other marketing materials to promote LeapFrog's infringing Goods.

11.    TAG Toys is informed and believes, and on that ground alleges, that the Infringing Marks LeapFrog has used and continues to use in interstate commerce are virtually identical to the TAG Marks, as the word "TAG" is the dominant feature of both the TAG Marks and the Infringing Marks.

12.    TAG Toys is informed and believes, and on that ground alleges, that at on or about October 29, 2007, LeapFrog applied to register the first of the Infringing

2

1  Marks with the United States Patent and Trademark Office ("USPTO") as pending

2  application Serial No. 77-316437.  On or about September 22, 2009, LeapFrog

3  applied to the USPTO for two additional infringing trademarks as pending

4  applications Serial Nos. 77-716800 and 77-716797.

5         13.    On or about February 12, 2008, the USPTO attorney examining

6  LeapFrog's October 29, 2007 application issued an office action refusing registration

7  due to the existence of a likelihood of confusion between the Infringing Marks and

8  the TAG Marks, as well as trademarks registered by third parties.  As a result,

9  LeapFrog was undeniably aware of the TAG Marks owned by TAG Toys when

10  LeapFrog began marketing and selling its infringing Goods under the Infringing

11  Marks.

12         14.    TAG Toys is informed and believes, and on that ground alleges, that

13  LeapFrog adopted the confusingly similar Infringing Marks with knowledge of TAG

14  Toys' federally registered "TAG" and "TAG THINK AND GROW" trademarks and

15  with the intent to deceive consumers and to cause confusion among purchasers for

16  the purpose of misappropriating and benefiting from the goodwill and public

17  recognition associated with the TAG Marks and by diverting sales from TAG Toys

18  to LeapFrog.

19         15.    The Infringing Marks are sufficiently similar, if not virtually identical,

20  to the TAG Marks in sight, sound and connotation.  Thus, the use of the Infringing

21  Marks in the sale and marketing of LeapFrog's Goods to the same class of

22  customers, through the same or similar channels of trade as TAG Toys, is likely to

23  cause confusion.

24         16.    LeapFrog's aforementioned acts have caused, and will cause, actual

25  confusion and a likelihood of confusion in the minds of the trade and the public, and

26  have damaged and will further damage TAG Toys' reputation for exclusivity in

27  connection with the TAG Marks.

28

3

## FIRST CLAIM FOR RELIEF

(Trademark Infringement, 15 U.S.C. § 1114)

17.    TAG Toys hereby incorporates paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18.    TAG Toys is the owner of all rights, title and interest in the TAG Marks. The TAG Marks have not been abandoned and are widely used by TAG Toys. TAG Toys intends to preserve and maintain its rights to the Marks.

19.    By virtue of LeapFrog's conduct, LeapFrog has used and is continuing to use virtually identical marks in connection with the marketing and sale of toy products in interstate commerce, which is readily identified with the TAG Marks TAG Toys owns and controls.

20.    TAG Toys has not authorized, licensed or given permission to LeapFrog to use the TAG Marks or the Infringing Marks, in any manner whatsoever, without limitation, on the infringing Goods being marketed, advertised sold and distributed by LeapFrog in connection with the Infringing Marks.

21.    TAG Toys' Goods are offered and advertised to the same or similar classes of purchasers as LeapFrog's Goods. LeapFrog's use of the Infringing Marks in connection with Goods sold under the Infringing Marks is likely to cause confusion, mistake or to deceive as to source, origin, affiliation, or sponsorship.

22.    LeapFrog's actions have been and are willful, unfair, false and deceptive, as these actions have had and will have the result of misleading, deceiving and confusing the public to believe that LeapFrog and/or its Goods are affiliated with, sponsored or controlled by TAG Toys.

23.    Consequently, LeapFrog has traded and is trading upon, and has gained and is gaining public acceptance and additional benefits from TAG Toys' favorable reputation and valuable good will, which have accordingly been placed at risk and damaged by LeapFrog's illegal actions and conduct.

4

24.    LeapFrog's foregoing actions constitute trademark infringement by inducing the erroneous belief that LeapFrog and/or its Goods are in some manner affiliated with, originate from, or are sponsored by TAG Toys in violation of 15 U.S.C. § 1114.

25.    TAG Toys is informed and believes, and on that ground alleges, that LeapFrog has made and will continue to make unlawful gains and profits from its unlawful actions as alleged herein, and by reason thereof, TAG Toys has been deprived of gains and profits which otherwise would have inured to TAG Toys but for such unlawful actions.

26.    TAG Toys lacks an adequate remedy at law for the injuries alleged herein.  The injury suffered is, at least partially, intangible in nature and not capable of being fully measured or valued in terms of monetary damages.  Moreover, the injury is of a continuing nature and will continue to be suffered so long as LeapFrog continues its wrongful conduct.

27.    Notwithstanding the inadequacy of, and the difficulty of presently fully ascertaining the value of the damage to TAG Toys caused by LeapFrog's wrongful conduct, said conduct has resulted in irreparable, direct and proximate damages to TAG Toys and TAG Toys is entitled to injunctive relief under 15 U.S.C. § 1116(a). Pursuant to 15 U.S.C. § 1116(a), TAG Toys is entitled to an order enjoining LeapFrog from using the Infringing Marks, or any mark confusingly similar thereto in connection with marketing, advertising, selling or distributing toys and any related products.  Pursuant to 15 U.S.C. § 1117, TAG Toys is entitled to an order requiring LeapFrog to account to TAG Toys for any and all profits derived by LeapFrog from their actions, and to an order awarding all damages sustained by TAG Toys by reason of the infringement caused by LeapFrog.

28.    Plaintiff is informed and believes, and on that basis alleges, that LeapFrog's conduct alleged herein was intentional and in conscious disregard of

5

1  TAG Toys' rights.  Pursuant to 15 U.S.C. § 1117, TAG Toys is entitled to an award

2  of treble damages and/or enhanced profits against LeapFrog.

3        29.    LeapFrog's actions make this an exceptional case under 15 U.S.C.

4  § 1117, and TAG Toys is entitled to an award of attorneys' fees and costs.

5                    **SECOND CLAIM FOR RELIEF**

6        (False Designation of Origin and Unfair Competition, 15 U.S.C. 1125(a))

7        30.    TAG Toys hereby incorporates paragraphs 1 through 29 of this

8  Complaint as though fully set forth herein.

9        31.    By virtue of the widespread and longstanding distribution of Goods

10  under the Marks, the TAG Marks have come to identify the source of TAG Toys'

11  Goods and to distinguish those goods from those of others.

12        32.    LeapFrog's promotion, marketing and advertising of Goods using the

13  Infringing Marks, which are substantially similar, if not identical, to the TAG Marks,

14  is a false designation of origin and false or misleading representation of fact that is

15  likely to cause confusion, or to cause mistake, or to deceive as to an affiliation,

16  connection or association between TAG Toys and LeapFrog, and is likely to cause

17  confusion, mistake or deception as to the origin, sponsorship or approval of

18  LeapFrog's Goods by TAG Toys or, conversely, TAG Toys' Goods by LeapFrog.

19        33.    TAG Toys is informed and believes, and on that basis alleges, that

20  LeapFrog intended to, and did, confuse and mislead the public, and did represent and

21  create the false impression that TAG Toys authorized, originated, sponsored,

22  approved, licensed or participated in LeapFrog's use of the Infringing Marks, or any

23  mark confusingly similar to the TAG Marks in connection with LeapFrog's products.

24        34.    In fact, there is no connection or association or licensing relationship

25  between TAG Toys, on the one hand, and LeapFrog, on the other hand.  TAG Toys

26  has not authorized, licensed or given permission to LeapFrog to use its Infringing

27  Marks, the TAG Marks, or any mark similar thereto, in any manner whatsoever,

28

6

1   including, without limitation LeapFrog's use of the Infringing Marks in connection

2   with toys.

3       35.   Thus, LeapFrog has created and will continue to create a false

4   impression concerning an association between TAG Toys and LeapFrog, a false

5   designation of the origin of LeapFrog's Goods, and confusion as to a connection

6   between the respective parties.

7       36.   As a direct and proximate result of LeapFrog's creation of a false

8   impression of association between TAG Toys and LeapFrog, and LeapFrog's use of

9   a false designation of origin and false or misleading representation of fact in

10   connection with LeapFrog's goods, TAG Toys has been damaged and will continue

11   to be damaged. Pursuant to 15 U.S.C. § 1116(a), TAG Toys is entitled to an order

12   enjoining LeapFrog from using the Infringing Marks, or any mark confusingly

13   similar thereto in connection with marketing, advertising, selling or distributing toys

14   and any related products. Pursuant to 15 U.S.C. § 1117, TAG Toys is entitled to an

15   order requiring LeapFrog to account to TAG Toys for any and all profits derived by

16   LeapFrog from their actions, and to an order awarding all damages sustained by

17   TAG Toys and caused by LeapFrog's conduct.

18       37.   TAG Toys is informed and believes, and on that basis alleges, that

19   LeapFrog's conduct alleged herein was intentional and in conscious disregard of

20   TAG Toys' rights. Pursuant to 15 U.S.C. § 1117, TAG Toys is entitled to an award

21   of treble damages and/or enhanced profits against LeapFrog.

22       38.   LeapFrog's actions make this an exceptional case under 15 U.S.C.

23   § 1117, and TAG Toys is entitled to an award of attorneys' fees and costs.

24                  **THIRD CLAIM FOR RELIEF**

25            (Dilution of Trademark, 15 U.S.C. § 1125(c))

26       39.   TAG Toys hereby incorporates paragraphs 1 through 38 of this

27   Complaint as though fully set forth herein.

28

7

40.     Through LeapFrog's unauthorized use of the Infringing Marks in connection with LeapFrog's infringing Goods, LeapFrog has intended to cause, has caused and is likely to continue to cause dilution of the distinctive quality of the TAG Marks in violation of 15 U.S.C. § 1125(c).

41.     LeapFrog's acts are intended to trade upon TAG Toys' reputation, and are likely to tarnish or injure TAG Toys' business reputation.

42.     Unless enjoined by this Court, LeapFrog's use of the Infringing Marks will continue to cause irreparable and continuing harm to TAG Toys in the diminution of the value and good will of the TAG Marks, and in the impairment of the TAG Marks ability to serve as designations of source, for which TAG Toys has no adequate legal remedy.  Accordingly, TAG Toys is entitled to provisional, preliminary and permanent injunctive relief, under 15 U.S.C. § 1116(a), to compel cessation of all infringing and otherwise harmful conduct.

43.     As a direct and proximate result of LeapFrog's wrongful conduct, TAG Toys has been and will continue to be damaged by, without limitation, a diminution in the value of the TAG Marks in their reputation and goodwill, in an amount to be proven at trial.

44.     TAG Toys is informed and believes, and on that basis alleges, that LeapFrog's conduct alleged herein was intentional and in conscious disregard of TAG Toys' rights.  Pursuant to 15 U.S.C. § 1117, TAG Toys is entitled to an award of treble damages and/or enhanced profits against LeapFrog.

45.     LeapFrog's actions make this an exceptional case under 15 U.S.C. § 1117, and TAG Toys is entitled to an award of attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

(Common Law Unfair Competition)

46.     TAG Toys hereby incorporates paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.    TAG Toys is informed and believes, and on that ground alleges, that LeapFrog has intentionally appropriated the TAG Marks with the intent of causing confusion, mistake and deception as to the source of LeapFrog's Goods with the intent of passing off LeapFrog's Goods as those of TAG Toys.  Consequently, LeapFrog has committed unfair competition in violation of the common law of the State of California.

48.    LeapFrog's infringing actions have caused and will continue to cause injury to TAG Toys, by depriving TAG Toys of sales of its Goods, injuring its business reputation, and by passing off LeapFrog's Goods as TAG Toys' Goods, all in violation of the common law of the State of California.

49.    LeapFrog's actions have caused and will continue to cause irreparable harm and damage to TAG Toys, and have caused and will continue to cause TAG Toys monetary damage in an amount thus far not determined, for which TAG Toys is entitled to its actual damages, LeapFrog's profits, punitive damages, attorneys' fees and costs.

50.    As a result of LeapFrog's actions, TAG Toys is entitled to injunctive relief and an order that LeapFrog disgorge all profits on the manufacture, use, distribution and/or sale of all infringing Goods.

### FIFTH CLAIM FOR RELIEF

(Unfair Business Practices,

California Bus. & Prof. Code § 17200 *et seq.*)

51.    TAG Toys hereby incorporates paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52.    LeapFrog's aforementioned actions constitute unlawful, unfair and/or fraudulent business practices and misleading advertising pursuant to California Bus. & Prof. Code § 17200.

9

1    53.    TAG Toys has been damaged and will continue to be damaged by

2  LeapFrog's unlawful, unfair and/or fraudulent business practices and misleading

3  advertising as alleged herein.

4    54.    As a result of LeapFrog's infringing actions, TAG Toys is entitled to an

5  injunction prohibiting LeapFrog from continuing the practices alleged herein, and

6  TAG Toys is entitled to restitution of all amounts acquired by LeapFrog by means of

7  such wrongful actions.

8                          **PRAYER FOR RELIEF**

9    **WHEREFORE**, TAG Toys prays for relief against LeapFrog as follows:

10    A.    That the Court issue an Order that LeapFrog's conduct constitutes

11  infringement of TAG Toys' TAG Marks, falsely designates the origin of LeapFrog's

12  Goods, falsely describes such Goods, and unfairly competes with TAG Toys, all in

13  violation of 15 U.S.C § 1125 and 15 U.S.C. § 1114;

14    B.    That the Court issue an Order that LeapFrog's conduct serves to unfairly

15  compete with TAG Toys and misappropriate the TAG Marks under the common law

16  of the State of California;

17    C.    That LeapFrog and its agents, officers, directors, servants, employees,

18  attorneys, its successor and assigns, and all others in active concert or participation

19  with LeapFrog, be preliminarily and permanently enjoined from directly or

20  indirectly:

21            1.    infringing TAG Toys' trademark rights in any way including,

22  without limitation, TAG Toys' rights, common law or otherwise, in the TAG Marks;

23            2.    using any false or misleading designation of origin, or false or

24  misleading description or statement, that can, or is likely to, lead the consuming

25  public or individual members thereof, to believe that any product provided by

26  LeapFrog is in any manner associated or connected with TAG Toys, or is sponsored,

27  approved or authorized by TAG Toys;

28            3.    diluting in any way the distinctive quality of the TAG Marks;

10

1        4.    engaging in any unfair business practices or any acts of unfair

2   competition in any manner with respect to TAG Toys' product line or the TAG

3   Marks; and

4        5.    using any terms and/or marks infringing on the TAG Marks in

5   connection with toys or related products;

6        D.    That the Court issue an Order directing LeapFrog to file with the Court

7   and serve on TAG Toys, within thirty (30) days after the service on LeapFrog of

8   such injunctions, a report in writing and under oath, setting forth in detail the manner

9   and form in which LeapFrog has complied with the injunction;

10       E.    That the Court issue an Order that, by the acts complained of herein,

11  LeapFrog has engaged in unfair business practices against TAG Toys, in violation of

12  California Bus. & Prof. Code § 17200;

13       F.    That the Court issue an Order awarding TAG Toys general and/or

14  specific damages in accordance with proof, including enhanced and/or exemplary

15  damages, as appropriate, as well as all of LeapFrog's profits or gains of any kind

16  from LeapFrog's acts of trademark infringement, false designation of origin, and

17  unfair business practices; and further for an Order that such acts were willful and

18  wanton, thereby justifying an award, where appropriate, of treble or enhanced

19  damages;

20       G.    That the Court issue an Order awarding TAG Toys restitution of all

21  amounts obtained by LeapFrog by means of its wrongful acts described herein;

22       H.    That the Court issue an Order awarding TAG Toys its costs and

23  attorneys' fees incurred in prosecuting this action;

24       I.    That the Court issue an Order awarding TAG Toys pre-judgment

25  interest;

26       J.    That the Court issue an Order awarding such other relief as the Court

27  deems just and proper; and

28

0020392/001/ 442978v03

1      K.    That the Court retain jurisdiction of this action for the purpose of

2  enabling TAG Toys to apply to the Court, at any time, for such further orders and

3  directions as may be necessary or appropriate for the interpretation or execution of

4  any Order entered in this action, for the modification of any such Order, for the

5  enforcement or compliance therewith and for the punishment of any violations

6  thereof.

7

8  Dated:  October 16, 2009              LINER GRODE STEIN YANKELEVITZ
                                      SUNSHINE REGENSTREIF & TAYLOR LLP

9

10                      By: _____

11                            James E. Doroshow
                              Attorneys for Plaintiff

12                            TAG Toys, Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12

1

## **DEMAND FOR JURY TRIAL**

2      Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff TAG

3   Toys, Inc. hereby demands trial by jury on all issues raised by the Complaint

4   Dated:  October 16, 2009                LINER GRODE STEIN YANKELEVITZ
                                            SUNSHINE REGENSTREIF & TAYLOR LLP

5

6                                    By: _____

7                                         James E. Doroshow
                                          Attorneys for Plaintiff
8                                         TAG Toys, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0020392/001/ 442978v03

# EXHIBIT A

Trademark Electronic Search System (TESS)                                    Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Oct 14 08:01:09 EDT 2009*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP

LOGOUT **Please logout when you are done to release system resources allocated for you.**

# Record 1 out of 1

TARR Status | ASSIGN Status | TDR | TTAB Status *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | TAG THINK & GROW |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: BABY'S AND CHILDREN'S MULTIPLE ACTIVITY TOYS DESIGNED TO STIMULATE IMAGINATION AND LEARNING ABILITY. FIRST USE: 19990000. FIRST USE IN COMMERCE: 19990000 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 24.17.14 - Ampersands (&); At symbol (@); Brackets, punctuation; Commas; Diacritical marks; Exclamation points (!); Punctuation marks; Question marks (?)<br>26.11.21 - Rectangles that are completely or partially shaded |
| **Serial Number** | 76336868 |
| **Filing Date** | November 13, 2001 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | May 14, 2002 |
| **Registration Number** | 2604757 |
| **Registration Date** | August 6, 2002 |
| **Owner** | (REGISTRANT) Tag Toys, Inc. CORPORATION DELAWARE 1810 South Acacia Avenue Compton CALIFORNIA 90220 |
| **Attorney of Record** | Sean C. Fifield |
| **Type of Mark** | TRADEMARK |

Trademark Electronic Search System (TESS)                                    Page 2 of 2

| | |
|---|---|
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  SEARCH OG  TOP  HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Oct 14 08:01:09 EDT 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | TAG THINK & GROW |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: BABY'S AND CHILDREN'S MULTIPLE ACTIVITY TOYS DESIGNED TO STIMULATE IMAGINATION AND LEARNING ABILITY. FIRST USE: 19850000. FIRST USE IN COMMERCE: 19850000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76053308 |
| **Filing Date** | May 18, 2000 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | January 29, 2002 |
| **Registration Number** | 2563061 |
| **Registration Date** | April 23, 2002 |
| **Owner** | (REGISTRANT) TAG TOYS, Inc. CORPORATION DELAWARE 1810 South Acacia Avenue Compton CALIFORNIA 90220 |
| **Attorney of Record** | Sean C. Fifield |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

Trademark Electronic Search System (TESS)                                    Page 1 of 2

 **United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Wed Oct 14 08:01:09 EDT 2009*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TARR Status | ASSIGN Status | TDR | TTAB Status |  *( Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | TAG |
| **Goods and Services** | IC 028. US 022 023 038 050. G & S: BABY'S AND CHILDREN'S MULTIPLE ACTIVITY TOYS DESIGNED TO STIMULATE IMAGINATION AND LEARNING ABILITY. FIRST USE: 19790000. FIRST USE IN COMMERCE: 19790000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 76336869 |
| **Filing Date** | November 13, 2001 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | March 18, 2003 |
| **Registration Number** | 2723420 |
| **Registration Date** | June 10, 2003 |
| **Owner** | (REGISTRANT) Tag Toys, Inc. CORPORATION DELAWARE 1810 South Acacia Avenue Compton CALIFORNIA 90220 |
| **Attorney of Record** | Sean C. Fifield |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |

James E. Doroshow, Esq. (SBN: 112920)
Brian T. Hafter, Esq. (SBN: 173151)
Liner Grode Stein Yankelevitz
Sunshine Regenstreif & Taylor LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024-3503

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| TAG TOYS, INC., a Delaware Corporation, | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br><br>v.<br><br>LEAPFROG ENTERPRISES, INC., a Delaware Corporation,<br><br>DEFENDANT(S). | CV09 07528 GHK (MAN)<br><br>**SUMMONS** |

TO:    DEFENDANT(S): LEAPFROG ENTERPRISES, INC.

A lawsuit has been filed against you.

Within    20    days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  James E. Doroshow _____, whose address is  1100 Glendon Avenue, Los Angeles, California 90024 _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____OCT 16 2009_____

By: _____CHRISTOPHER POWERS_____

Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].

CV-01A (12/07)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| TAG TOYS, INC., a Delaware Corporation | LEAPFROG ENTERPRISES, INC., a Delaware Corporation |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| James E. Doroshow, Esq. (SBN: 112920)<br>Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP<br>1100 Glendon Avenue, 14th Floor, Los Angeles, CA 90024-3503<br>Telephone: (310) 500-3500; Facsimile: (310) 500-3501 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV09 07528**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Alameda |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date October 16, 2009

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |