COOLEY GODWARD KRONISH LLP
JOHN W. CRITTENDEN (101634)
(JCRITTENDEN@COOLEY.COM)
KATHLEEN E. TREIBER (232353)
(KTREIBER@COOLEY.COM)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendant
LEAPFROG ENTERPRISES, INC.

*NOTE CHANGES
MADE BY THE
COURT*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TAG TOYS, INC.,<br><br>              Plaintiff,<br><br>     v.<br><br>LEAPFROG ENTERPRISES, INC.,<br><br>              Defendant. | Case No.  CV 09-07528-GHK (MANx)<br><br>**STIPULATED PROTECTIVE ORDER** |

Based on the parties' Stipulation for Protective Order ("Stipulated Protective Order"), filed on November 19, 2009, the terms of the parties' Stipulated Protective Order are adopted as a Protective Order of this Court, except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraph 12 of the Stipulated Protective Order and deletion of the section captioned "II.  GOOD CAUSE EXISTS TO ENTER INTO THE STIPULATED PROTECTIVE ORDER."

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF

1.

STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)

The parties are expressly cautioned that this Stipulated Protective Order, in and of itself, creates no entitlement to file under seal information, documents, or things designated as Confidential Information by the parties.  Accordingly, reference to this Stipulated Protective Order or to the parties' designation of any information, document, or things as Confidential Information is wholly insufficient to warrant filing under seal.  Good cause must be shown to support a filing under seal, and the parties' mere designation of any information, document, or thing as Confidential Information does not – without the submission of **competent evidence** establishing that the material sought to be filed under seal qualifies as confidential, proprietary, trade secrets, or private information – establish good cause.

## **TERMS OF PROTECTIVE ORDER**

### I.    APPLICABILITY AND SCOPE

1.    This Order shall apply to all information produced during discovery or submitted in proceedings in this action that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively, "Confidential Information").   This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge.  The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF

2.

STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)

2.     If an exhibit, pleading, interrogatory answer or admission (collectively "discovery response"), deposition transcript, other transcript of testimony, declaration or affidavit (collectively "testimony"), or a document or thing contains information considered confidential by a party, such exhibit, pleading, discovery response, testimony, or document or thing shall be designated "Confidential" or "Confidential-Attorneys Eyes Only" by the party contending there is confidential information therein.

3.     In connection with an exhibit, pleading, discovery response, document or thing, testimony or other court submission, the legend "Confidential" or "Confidential-Attorneys Eyes Only" (in such a manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party.

4.     As a general guideline, a document should be designated "Confidential" when it contains confidential business, technical or other information that may be reviewed by the receiving party, the parties' experts, and other representatives, but should be protected against disclosure to third parties.  As a general guideline, a document should be designated "Confidential-Attorneys Eyes Only" when it contains the following highly sensitive information:  financial information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; software and firmware for a party's products; technical and development information about a party's products; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the receiving party or third parties.

5.     All Confidential Information (*i.e.*, "Confidential" or "Confidential-Attorneys Eyes Only" information) that has been obtained during the course of this proceeding shall be used only for the purpose of this litigation and not for any other business, proceeding, litigation, or other purpose whatsoever.   Further, such

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF                                    3.                          STIPULATED
                                                                           PROTECTIVE ORDER
                                                                     CV 09-07528-GHK (MANx)

information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party. For information designated "Confidential-Attorneys Eyes Only," such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel documented in writing (email confirmation shall suffice).

6.      All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only."  If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with paragraph 2, with access and dissemination limited as set forth in paragraphs 10-13.

7.      Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or deposition, or within ten (10) days following receipt of the transcript, and shall be subject to the provisions of this Order.   Additional information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within ten (10) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated.  Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential-Attorneys Eyes Only" for a period of ten (10) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to paragraphs 11-13 to review documents or materials designated "Confidential-Attorneys Eyes Only" on behalf of that non-designating party, provided, however, that it is expected that the parties shall endeavor to agree on the record at the end of a deposition when the testimony

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF                                                     4.

STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)

1   clearly was not confidential or Confidential-Attorneys' Eyes Only.

2        8.    Without written permission from the Producing Party or a court order

3   secured after appropriate notice to all interested persons, a Party may not file in the

4   public record in this action any Confidential Information.  A Party that seeks to file

5   under seal any Confidential Information must comply with Civil Local Rule 79-5.

6        9.    As used in this Protective Order, "Trial Counsel" refers exclusively to

7   the following:

8        (a)    For Plaintiff:  The attorneys, paralegals, agents, and support

9   staff of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP

10       (b)    For Defendant:  The attorneys, paralegals, agents, and support

11  staff of Cooley Godward Kronish LLP.

12       (c)    Others:  Such additional attorneys (and their paralegals, agents

13  and support staff) as enter an appearance in this matter for any existing or

14  additional party, as may be ordered by the Court or subsequently may be agreed

15  upon by the parties, provided that such attorneys sign the Acknowledgement of

16  Terms of Protective Order, attached hereto as Exhibit A.

17       10.    Material designated as "Confidential" that has been obtained during the

18  course of this proceeding may be disclosed or made available only to the Court, to

19  Trial Counsel for any party, and to the persons designated below and only subject

20  to paragraphs 12-13:

21       (a)    a party, or an officer, director, or designated employee of a party

22  deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement

23  of this action;

24       (b)    independent experts or consultants (together with their clerical

25  staff) retained by such Trial Counsel to assist in the prosecution, defense, or

26  settlement of this action;

27       (c)    court reporter(s) employed in this action;

28       (d)    agents of Trial Counsel needed to perform various services such

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF

5.

STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)

as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

       (e)    witnesses in any deposition or other proceeding of this action;

       (f)    any other persons as to whom the parties in writing agree.

      11.    Material designated as "Confidential-Attorneys Eyes Only" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for any party, and to the persons designated below and subject to paragraphs 12-13:

       (a)    independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

       (b)    respective authors and recipients of any material bearing a "Confidential-Attorneys Eyes Only" legend;

       (c)    court reporter(s) employed in this action;

       (d)    agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorney Eyes Only;

       (e)    witnesses in any deposition or other proceeding in this action who are the author or recipient of the "Confidential-Attorney Eyes Only" material, or who, based on evidence, have seen the material in the past; and

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

1153650 v1/SF

6.

Stipulated
Protective Order
CV 09-07528-GHK (MANx)

(f)    any other persons as to whom the parties in writing agree.

12.    Any officer, director, or designated employee of a party under paragraph 10(a) or individuals identified under paragraphs 10(b) and 11(a) having access to Confidential Information shall be given a copy of this order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney.    Each *such* person, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this order and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit B attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it.    Witnesses being shown Confidential Information at a deposition or proceeding shall not be allowed to retain copies of the Confidential Information. However, a witness who was shown Confidential Information during a deposition may review the Confidential Information while reviewing his or her transcript, provided that any Confidential Information is not retained by the witness after he or she has completed his or her review of the transcript for accuracy.

13.    For the purpose of this Protective Order an independent expert or consultant shall be defined as a person, who has not been and is not an employee of a party or scheduled to become an employee in the near future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

14.    If any party desires at a hearing to offer into evidence Confidential Information, or to use Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Information, which may include the offering of such Confidential Information outside the presence of persons other than court personnel and counsel.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF                    7.                    STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)

15.    Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order.  Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person not entitled to receive such confidential information pursuant to the terms of this Order.

16.    A Receiving Party who objects to the designation of any discovery response, document or thing or testimony as "Confidential" or "Confidential-Attorneys Eyes Only" shall state the objection by letter to counsel for the Producing Party.  Parties shall make a good faith effort to avoid the Court's involvement to resolve disputes.  If the objection cannot be resolved within ten (10) days following receipt of the objection, the Receiving Party may move the Court to determine whether the discovery response, document or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only."   If the Receiving Party files such a motion, the discovery response, document or thing or testimony at issue will continue to be entitled to the protections accorded by this Protective Order until and unless the Court rules otherwise.  If the Receiving Party files such a motion, the Producing Party shall bear the burden of establishing that the discovery response, document or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only."   Nothing herein shall operate as an admission by any Party that any particular discovery response, document or thing or testimony contains "Confidential" or "Confidential-Attorneys Eyes Only" Information for purposes of determining the merits of the

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF

8.

STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)

1  claims in this litigation.  A party shall not be obligated to challenge the propriety of

2  the designation of any discovery response, document or thing or testimony at the

3  time such designation is made; failure to do so shall not preclude a subsequent

4  challenge within a reasonable time.  Further, a Party's failure to challenge a

5  designation during pretrial discovery shall not preclude a subsequent challenge of

6  such designation at trial or in connection with the submission of any discovery

7  response, document or thing or testimony to the Court for any purpose.

8       17.   Notwithstanding anything contrary herein, if a party through

9  inadvertence or mistake produces discovery of any Confidential Information

10  without marking it with the legend "Confidential" or "Confidential-Attorneys Eyes

11  Only," or by designating it with an incorrect level of confidentiality, the producing

12  party may give written notice to the receiving party that the exhibit, pleading,

13  discovery response, document or thing, or testimony contains Confidential

14  Information and should be treated as such in accordance with the provisions of this

15  Protective Order.  Upon receipt of such notice, and upon receipt of properly marked

16  materials, the receiving party shall return said unmarked materials and not retain

17  copies thereof, and must treat such exhibits, pleadings, discovery responses,

18  documents or things, or testimony as Confidential Information and shall cooperate

19  to the extent reasonably possible in restoring the confidentiality of such

20  Confidential Information.  The inadvertent or unintentional disclosure by a party of

21  Confidential Information, regardless of whether the information was so designated

22  at the time of disclosure, shall not be deemed a waiver in whole or in part of a

23  party's claim of confidentiality either as to the specific information disclosed or as

24  to any other information relating thereto or on the same or related subject matter,

25  provided that the non-producing party is notified and properly marked documents

26  are supplied as provided herein.  The receiving party shall not be responsible for the

27  disclosure or other distribution of belatedly designated Confidential Information as

28  to such disclosure or distribution that may occur before the receipt of such

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF

9.

STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)

1   notification of a claim of confidentiality and such disclosure or distribution shall

2   not be deemed to be a violation of this Protective Order, yet the receiving party

3   must take reasonable steps to retrieve the Confidential Information.

4         18.   Documents and things produced or made available for inspection may

5   be subject to redaction, in good faith by the producing party, of sensitive material

6   that is subject to the attorney-client privilege or to work-product immunity.  Each

7   such redaction, regardless of size, will be clearly labeled.  This paragraph shall not

8   be construed as a waiver of any party's right to seek disclosure of redacted

9   information.

10        19.   Neither the taking of or the failure to take any action to enforce the

11  provisions of this Order, nor the failure to object to any designation or any such

12  action or omission, shall constitute a waiver of any signatory's right to seek and

13  obtain protection or relief with respect to any claim or defense in this action or any

14  other action including, but not limited to, the claim or defense that any information

15  is or is not proprietary to any party, is or is not entitled to particular protection or

16  that such information embodies trade secret or other confidential information of any

17  party.  The procedures set forth herein shall not affect the rights of the parties to

18  object to discovery on grounds other than those related to trade secrets or other

19  confidential information claims, nor shall it relieve a party of the necessity of

20  proper responses to discovery requests.

21        20.   This Order shall not abrogate or diminish any contractual, statutory, or

22  other legal obligation or right of any party to this Order, as to any third party, with

23  respect to any Confidential Information.  The fact that Information is designated

24  "Confidential" or "Confidential-Attorney's Eyes Only" under this Order shall not

25  be deemed to be determinative of what a trier of fact may determine to be

26  confidential or proprietary.  This Order shall be without prejudice to the right of any

27  party to bring before the Court the question of:

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF                    10.                    STIPULATED
                                                     PROTECTIVE ORDER
                                              CV 09-07528-GHK (MANx)

1        (a)     whether any particular information is or is not Confidential

2  Information;

3        (b)     whether any particular information is or is not entitled to a

4  greater or lesser degree of protection than provided hereunder; or

5        (c)     whether any particular information is or is not relevant to any

6  issue in this case; provided that in doing so the party complies with the foregoing

7  procedures.

8      21.   The terms of the Protective Order are applicable to Confidential

9  Information produced by a non-party, and Confidential Information produced by a

10  non-party in connection with this litigation is protected by the remedies and relief

11  provided by the Protective Order.  To protect its own Confidential Information, a

12  party may ask a non-party to execute a document in the form of Exhibit A.

13      22.   Within thirty (30) days following the conclusion of this litigation, all

14  information designated as Confidential Information, except such documents or

15  information which incorporate or are incorporated into attorney work product (a

16  single copy of which may be retained in counsel's file), shall, upon request, be

17  returned to the producing party, destroyed or disposed of pursuant to the

18  instructions of the producing party.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24

25

26

27

28

Cooley Godward
Kronish LLP
Attorneys At Law
San Francisco

1153650 v1/SF

11.

STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)

23.   The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court.  This Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein, including seeking modifications to the Protective Order that may broaden or restrict the rights of access to and use of Protected Materials.

**IT IS SO ORDERED.**

Dated:  February 1, 2010

By: _____
Margaret A. Nagle
United States Magistrate Judge

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF

12.

STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)

**EXHIBIT A**

**<u>ACKNOWLEDGMENT OF TERMS OF PROTECTIVE ORDER</u>**

I, _____, represent _____ in the matter of <u>Tag Toys, Inc. v. LeapFrog Enterprises, Inc.</u>, Case No. CV 09-07528-GHK (MANx).  I hereby acknowledge that I have received the Protective Order entered in the above-referenced action, and that the attorneys, paralegals, agents and support staff of counsel for _____ in the above-referenced action agree to comply with and be bound by the terms of said Order unless and until modified by further order of the Court.

Dated:_____          By _____

                                               _____

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF

1.

**STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)**

**PROTECTIVE ORDER
CV 09-07528-GHK (MANx)**

**EXHIBIT B**

**ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear or affirm that I have read and fully understand the Protective Order entered in the matter of Tag Toys, Inc. v. LeapFrog Enterprises, Inc., Case No. CV 09-07528-GHK (MANx).  I agree that I will not disclose any information received by me pursuant to the Protective Order, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.  I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.  I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

Dated:_____        By:_____

_____

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1153650 v1/SF

2.

STIPULATED
PROTECTIVE ORDER
CV 09-07528-GHK (MANx)